IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

| | | |
|---|---|---|
| JOHN P. FTORKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-cv-_____ |
| | ) | |
| SILVER LAKE FARMS, INC., | ) | **JURY TRIAL DEMANDED** |
| STANLEY FTORKOWSKI, JR., & | ) | |
| JOANN B. FTORKOWSKI | ) | |
| | ) | |
| Defendants. | | |

## <u>COMPLAINT</u>

Plaintiff, John P. Ftorkowski, files this Complaint, alleging as follows:

## <u>PARTIES</u>

1.      Plaintiff John P. Ftorkowski ("John") is an adult individual residing at

8994 Mustang Island Circle, Naples, Florida 34113.  Mr. Ftorkowski is the Vice President, a

director, and a 50% shareholder of Defendant Silver Lake Farms, Inc.

2.      Defendant Silver Lake Farms, Inc. ("Silver Lake" or the "Company") is a

Pennsylvania corporation with its principal place of business at 43 Ftorkowski Road,

Shickshinny, Pennsylvania 18655.

3.      Defendant Stanley Ftorkowski, Jr. ("Stanley") is an adult individual residing at 43

Ftorkowski Road, Shickshinny, Pennsylvania 18655.  Stanley is the President, a director, and a

50% shareholder of Defendant Silver Lake Farms, Inc.  Additionally, Stanley and John are

brothers.

4.      Defendant Joann B. Ftorkowski ("Joann") is an adult individual residing at 43

Ftorkowski Road, Shickshinny, Pennsylvania 18655.  Joann is an officer and director of

Defendant Silver Lake Farms, Inc.  Additionally, Stanley and Joann are married.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) because the events giving rise to this action, or a substantial part thereof, occurred here and Defendants Silver Lake Farms, Inc., Stanley Ftorkowski, Jr., and Joann B. Ftorkowski are subject to personal jurisdiction in the Middle District and, therefore, reside therein.

## NATURE OF SUIT

7.      Defendants Stanley and Joann Ftorkowski have conspired to deprive Plaintiff John Ftorkowski of any benefit from his ownership interest in Silver Lake Farms, Inc., despite the fact that John owns 50% of the Company's common stock.  This suit arises from the illegal conduct of Stanley and Joann in freezing out Plaintiff from the operation and management of the Company, taking excessive compensation from the Company, forging Plaintiff's signature on government and corporate documents, denying Plaintiff access to the Company's records, and refusing to hold regular shareholder or Board of Director meetings as required by the Pennsylvania Business Corporation Law.  Plaintiff has brought this suit to address the wrongs caused by Stanley and Joann's oppression of his interest as a shareholder and director of Silver Lake Farms, Inc.

## FACTUAL BACKGROUND

8.      Plaintiff's father and mother founded Silver Lake Farms, Inc. in 1974, transforming the family's longstanding farm operation into a corporation.

9.      Silver Lake remains an agricultural business, growing and selling products such as eggs and grain.

10.     At the time of Silver Lake's founding, Plaintiff was elected by his parents – Silver Lake's sole shareholders – to the Company's Board of Directors.

11.     A few years after Silver Lake's incorporation, Plaintiff's father and mother became less active in the business, transferring both management responsibility and shares of stock in the Company to their two sons, John and Stanley.

12.     As part of this shift in management, Plaintiff became an officer of the Company.

13.     In the late 1970s, Defendant Joann Ftorkowski became an officer of the Company.

14.     During his parents' life, Plaintiff actively managed the Company along with his parents and his brother, Stanley.

15.     In the fall of 1991, Plaintiff's father and mother died, transferring their entire interest in Silver Lake as well as certain parcels of property in Luzerne County individually owned by them to their two sons, John and Stanley.

16.     Following their parents' death, Plaintiff John Ftorkowski and Defendant Stanley Ftorkowski, Jr. each became 50% shareholders in Silver Lake.

17.     Sometime before August of 1992, Defendant Joann B. Ftorkowski became a director of the Company.

18.     In the fall of 1998, Plaintiff John Ftorkowski relocated to Naples, Florida.

19.     Without notice to Plaintiff or complying with any of the necessary corporate formalities, Defendants Stanley and Joann Ftorkowski have attempted to remove Plaintiff as an

officer of Silver Lake by creating false corporate minutes stating that only Stanley and Joann are officers of Silver Lake.

20.     Disregarding numerous informal requests, Stanley and Joann have refused to provide to Plaintiff documentation concerning the operation or management of Silver Lake.

21.     Plaintiff has not received notice or the opportunity to attend any shareholder or Board of Director meetings for Silver Lake since 1992.

22.     From 1998 until April 2006, Plaintiff received little or no compensation, except for a minimal ground rent, arising from his ownership of 50% of the Company's common stock.

23.     From April 2006 until the present, Plaintiff has received no compensation arising from his ownership of 50% of the Company's common stock.

24.     In contrast, upon information and belief, Stanley and Joann have paid themselves disguised dividends by causing the Company to pay them exorbitant salaries or otherwise improperly compensate them in excessive amounts, including taking large, untraceable amounts of cash from the Company.

25.     In the spring of 2006, Plaintiff discovered that Stanley and Joann – or an individual acting on their behalf – had forged Plaintiff's signature on numerous governmental documents for the purposes of placing certain assets owned by Silver Lake into the federal Conversation Reserve Enhancement Program and diverting all income from this program to Silver Lake.

26.     Stanley and Joann have also forged Plaintiff's signature on corporate documents.

27.     By forging Plaintiff's signature on these documents, Stanley and Joann have effectuated corporate actions to which Plaintiff would otherwise object, thereby avoiding a corporate deadlock.

28.     Additionally, Stanley and Joann have breached numerous agreements with Plaintiff to sell certain of the Company's real estate assets on the open market, intentionally interfering with prospective buyers and convincing those buyers to pass on the properties.

### Defendants' Refusal to Provide Plaintiff Access to Records

29.     Defendants have frustrated Plaintiff's ability to obtain information about the Company's operation to which he is entitled under Pennsylvania's Business Corporation Law.

30.     Following the discovery of Stanley and Joann's many forgeries, Stanley and Joann's interference with the sale of corporate assets, and being otherwise concerned about the manner in which Stanley and Joann were managing Silver Lake, Jeffrey P. Ward, Esq., acting pursuant to a verified Power of Attorney from John Ftorkowski, made a Shareholder Demand to review certain corporate records of the Company (the "Shareholder Demand").  See (December 22, 2006, Shareholder Demand attached as Exhibit A to this Complaint).

31.     Plaintiff is entitled to review the requested books and records pursuant to §§ 1508 and 1512 of the Pennsylvania Business Corporation Law, 15 Pa. C.S.A. 1501, et seq.

32.     The stated purpose of the Shareholder Demand is "(i) to determine the nature and extent of certain corporate expenditures and other corporate activities which affect John Ftorkowski's interest in the Company, and (ii) ascertain whether the business of the Company is being and has been properly managed."  See Exhibit A.

33.     Although Defendants acknowledged Plaintiff's right to inspect the Company's books and records, Defendants claimed that all corporate records in their possession had been previously produced.  See (January 2, 2007, letter from William E. Vinsko, Jr., counsel for Defendants, to Jeffrey P. Ward, Esq., counsel for Plaintiffs attached as Exhibit B).

34.     On January 29, 2007, counsel for Plaintiff responded, outlining the many types of documents requested by the Shareholder Demand that Defendants had failed to produce.  See

(January 29, 2007, letter from Jeffrey P. Ward, Esq., to William E. Vinsko, Jr., counsel for Defendants, attached as Exhibit C).

35.     Defendants have not responded to Plaintiff's renewed Shareholder Demand or produced any of the requested documents.

## Defendants' Refusal to Hold Shareholder or Director Meetings

36.     Because Plaintiff John Ftorkowski has neither received notice nor been invited to attend a shareholder or Board of Director meeting in over 15 years, Plaintiff has been barred from exercising his rights as shareholder and director, including electing a Board of Director for the Company, assessing the Company's management, and determining the Company's value.

37.     Upon information and belief, the Company has not held a shareholder or Board of Directors meeting since 1992.

38.     On December 26, 2006, Plaintiff noticed a special meeting of the shareholders for January 10, 2007, for the purposes of electing a Board of Directors for the Company, assessing the Company's management, and determining the Company's value.  See (December 26, 2006, Notice of Special Meeting of Shareholders attached as Exhibit D).

39.     On January 2, 2007, counsel for Defendants asked Plaintiff to reschedule the January 10, 2007, meeting to a later date due to a scheduling conflict.  See (Exhibit B).

40.     To accommodate Defendants' counsel, Plaintiff rescheduled the Special Meeting of Shareholders to January 17, 2007.  See (January 4, 2007, letter from Jeffrey P. Ward, Esq. to William E. Vinsko, Esq. attached as Exhibit E).

41.     A few days before the rescheduled meeting, Defendants' counsel claimed to be unavailable on January 17, 2007, and refused to provide alternative dates for the Special Meeting of Shareholders.

42.     On January 29, 2007, Plaintiff renewed his demand for dates on which to hold the Special Meeting of Shareholders.  See Exhibit C.

43.     Neither Defendants nor Defendants' counsel have provided alternative dates for a meeting, scheduled the meeting, or otherwise communicated with Plaintiff concerning the meeting since that date.

44.     Upon information and belief, Defendants are avoiding holding any meetings because Stanley and Joann realize that Plaintiff will not approve of their management and operation of the Company, likely resulting in corporate deadlock.

## COUNT I
### (Non-Controlling Shareholder Oppression – Request for Court Ordered Buyout)

45.     Plaintiff John P. Ftorkowski incorporates 1 through 44 as if fully set forth herein.

46.     As a 50% shareholder in Silver Lake, Plaintiff John Ftorkowski had a reasonable expectation that he would participate in a meaningful way in the Company's management and be entitled to a reasonable salary, fringe benefits, and other benefits of his ownership in the Company.

47.     Defendants Stanley and Joann Ftorkowski, through the aforementioned acts, have frustrated Plaintiff John Ftorkowski's reasonable expectations.

48.     The Company's business is suffering and is threatened with irreparable injury because Stanley and Joann are oppressively managing the Company to the detriment of Plaintiff's interest as a 50% shareholder in the following ways:

    (a)     Stanley and Joann have improperly removed Plaintiff from his executive position with the Company and otherwise excluded Plaintiff from the opportunity to meaningfully partake in the Company's management;

    (b)     Stanley and Joann have paid themselves excessive compensation in the last several years including taking large, untraceable amounts of cash from the Company, thereby depleting the Company's assets and resources;

(c)     Stanley and Joann, or persons acting on their behalf, have forged John's signature on governmental and corporate documents to allow Stanley and Joann to continue to manage Silver Lake without oversight by John;

(d)     Stanley and Joann have prevented the Company from issuing dividends or other compensation, other than a minimal ground rent, to John for almost 10 years;

(e)     Stanley and Joann have refused to provide documents requested by John's Shareholder Demand;

(f)     Stanley and Joann have refused to schedule or cooperate with the scheduling of a properly noticed shareholder meeting, although one has not been held for 15 years; and

(g)     Stanley and Joann have repeatedly breached numerous agreements with Plaintiff to sell certain of the Company's real estate assets on the open market, intentionally interfering with prospective buyers and convincing those buyers to pass on the properties.

49.     Plaintiff John P. Ftorkowski has a reasonable expectation of exercising his right to redeem his shares of stock in the Company for fair and reasonable consideration.

50.     Under the circumstances, this Court has the inherent equitable power to order Silver Lake to buy-out Plaintiff John P. Ftorkowski's shares for fair and reasonable consideration.

WHEREFORE, Plaintiff John P. Ftorkowski respectfully requests that this Court order Silver Lake Farms, Inc. to redeem his shares of stock for fair and reasonable value and to afford such other relief as the Court deems appropriate.

## COUNT II
### (Non-Controlling Shareholder Oppression – Request for Appointment of Custodian)

51.     Plaintiff John P. Ftorkowski incorporates paragraphs 1 through 44 of this Complaint as if stated fully herein.

52.     As a 50% shareholder in Silver Lake, Plaintiff John Ftorkowski had a reasonable expectation that he would participate in a meaningful way in the Company's management and be

entitled to a reasonable salary, fringe benefits and other benefits of his ownership in the
Company.

53.     Defendants Stanley and Joann Ftorkowski, through the aforementioned acts, have
frustrated Plaintiff John Ftorkowski's reasonable expectations.

54.     The Company's business is suffering and is threatened with irreparable injury
because Stanley and Joann are oppressively managing the Company to the detriment of
Plaintiff's interest as a 50% shareholder in the following ways:

(a)     Stanley and Joann have improperly removed Plaintiff from his executive
position with the Company and otherwise excluded Plaintiff from the
opportunity to meaningfully partake in the Company's management;

(b)     Stanley and Joann have paid themselves excessive compensation in the
last several years including taking large, untraceable amounts of cash from
the Company, thereby depleting the Company's assets and resources;

(c)     Stanley and Joann, or persons acting on their behalf, have forged John's
signature on governmental and corporate documents to allow Stanley and
Joann to continue to manage Silver Lake without oversight by John;

(d)     Stanley and Joann have prevented the Company from issuing dividends or
other compensation, other than a minimal ground rent, to John for almost
10 years;

(e)     Stanley and Joann have refused to provide documents requested by John's
Shareholder Demand;

(f)     Stanley and Joann have refused to schedule or cooperate with the
scheduling of a properly noticed shareholder meeting, although one has
not been held for 15 years; and

(g)     Stanley and Joann have repeatedly breached numerous agreements with
Plaintiff to sell certain of the Company's real estate assets on the open
market, intentionally interfering with prospective buyers and convincing
those buyers to pass on the properties.

55.     This Court is within its power, pursuant to § 1767 of the Pennsylvania Business
Corporation Law, to appoint a custodian to address Stanley and Joann's illegal and oppressive
acts and to prevent further dissipation, waste, and conversion of corporate assets.

56.   The nature and extent of wrongdoing by Stanley and Joann mandates a change in the Company's management.

WHEREFORE, Plaintiff John Ftorkowski respectfully request that the Court appoint a custodian to manage the day-to-day affairs of Silver Lake Farms, Inc. until further order of the Court and grant such other relief as the Court deems appropriate.

## COUNT III
### (Non-Controlling Shareholder Oppression – Request for the Appointment of Receiver and/or Dissolution of the Corporation)

57.   Plaintiff John Ftorkowski incorporates paragraphs 1 through 44 of this Complaint as if fully stated herein.

58.   Defendants Stanley and Joann Ftorkowski have acted illegal and oppressively as to Plaintiff John Ftorkowski's 50%, non-controlling interest in the following ways:

(a)   Stanley and Joann have improperly removed Plaintiff from his executive position with the Company and otherwise excluded Plaintiff from the opportunity to meaningfully partake in the Company's management;

(b)   Stanley and Joann have paid themselves excessive compensation in the last several years including taking large, untraceable amounts of cash from the Company, thereby depleting the Company's assets and resources;

(c)   Stanley and Joann, or persons acting on their behalf, have forged John's signature on governmental and corporate documents to allow Stanley and Joann to continue to manage Silver Lake without oversight by John;

(d)   Stanley and Joann have prevented the Company from issuing dividends or other compensation, other than a minimal ground rent, to John for almost 10 years;

(e)   Stanley and Joann have refused to provide documents requested by John's Shareholder Demand;

(f)   Stanley and Joann have refused to schedule or cooperate with the scheduling of a properly noticed shareholder meeting, although one has not been held for 15 years; and

(g)   Stanley and Joann have repeatedly breached numerous agreements with Plaintiff to sell certain of the Company's real estate assets on the open

market, intentionally interfering with prospective buyers and convincing those buyers to pass on the properties.

59.     Because of Defendants Stanley and Joann Ftorkowski's aforesaid illegal and oppressive acts, it is beneficial to the interest of the shareholders that the Company be wound up and dissolved.

60.     The aforesaid acts of Defendants Stanley and Joann Ftorkowski constitute, among other wrongs, waste, conversion, misuse of corporate assets, breach of fiduciary duties, and shareholder oppression and have resulted in, or made to continue, pose and imminent danger of resulting in, a loss of value of Plaintiff John Ftorkowski's interest in Silver Lake.

61.     The acts have also lead to a failure of corporate purpose and a fraudulent disregard of Plaintiff John Ftorkowski's rights.

62.     Upon information and belief, any shareholder or Board of Director meeting held by Silver Lake will result in a deadlock between its two 50% shareholders, Plaintiff and Defendant Stanley Ftorkowski, Jr.

63.     This Court, therefore, has the power pursuant to § 1981(a) of the Pennsylvania Business Corporation Law to appoint a receiver and/or order the dissolution of Silver Lake.

WHEREFORE, Plaintiff John Ftorkowski respectfully request the Court to appoint a receiver and/or order the dissolution of Silver Lake Farms, Inc. upon terms the Court deems just and reasonable and to grant such other relief as the Court deems appropriate.

## COUNT IV
### (Action for Accounting – John Ftorkowski v. Stanley and Joann Ftorkowski)

64.     Plaintiff John Ftorkowski incorporates paragraphs 1 through 44 of this Complaint as if fully stated herein.

65.     As President and a director of the Company, Defendant Stanley Ftorkowski, Jr. has a fiduciary duty to Silver Lake and John Ftorkowski, the non-controlling shareholder, to act in the Company's best interest.

66.     As Secretary and a director of the Company, Defendant Joann B. Ftorkowski has a fiduciary duty to Silver Lake and John Ftorkowski, the non-controlling shareholder, to act in the Company's best interest.

67.     Stanley and Joann Ftorkowski has breached their fiduciary duties to Silver Lake and John Ftorkowski in the following ways:

(a)     Stanley and Joann have improperly removed Plaintiff from his executive position with the Company and otherwise excluded Plaintiff from the opportunity to meaningfully partake in the Company's management;

(b)     Stanley and Joann have paid themselves excessive compensation in the last several years including taking large, untraceable amounts of cash from the Company, thereby depleting the Company's assets and resources;

(c)     Stanley and Joann, or persons acting on their behalf, have forged John's signature on governmental and corporate documents to allow Stanley and Joann to continue to manage Silver Lake without oversight by John;

(d)     Stanley and Joann have prevented the Company from issuing dividends or other compensation, other than a minimal ground rent, to John Ftorkowski for almost 10 years;

(e)     Stanley and Joann have refused to provide documents requested by John's Shareholder Demand;

(f)     Stanley and Joann have refused to schedule or cooperate with the scheduling of a properly noticed shareholder meeting, although one has not been held for 15 years; and

(g)     Stanley and Joann have repeatedly breached numerous agreements with Plaintiff to sell certain of the Company's real estate assets on the open market, intentionally interfering with prospective buyers and convincing those buyers to pass on the properties.

68.     The corporate records of Silver Lake reflecting transactions made by Stanley and Joann Ftorkowski are exclusively in Stanley and Joann Ftorkowski's control, preventing John

Ftorkowski from determining the extent to which Stanley and Joann Ftorkowski's actions have injured Silver Lake and John Ftorkowski.

69.     John Ftorkowski is entitled to an accounting from Stanley and Joann Ftorkowski of Silver Lake's corporate records and Stanley and Joann Ftorkowski's actions in relationship to Silver Lake from February 2003 until the present.

70.     Plaintiff has repeatedly requested an accounting from Stanley and Joann Ftorkowski, however, Stanley and Joann Ftorkowski have refused to account to Plaintiff.

71.     Because Stanley and John Ftorkowski are the only two shareholders of Defendant Silver Lake and Stanley and Joann have repeatedly refused John's prior demands for an accounting, any further demands would be futile.

WHEREFORE, Plaintiff John Ftorkowski respectfully request that this Court direct Defendants Stanley and Joann Ftorkowski to account for all assets and liabilities of Silver Lake Farms, Inc. and Stanley and Joann Ftorkowski's actions in relationship to Silver Lake Farms, Inc. from February, 2003 until the present and that judgment be entered in favor of Plaintiff and against Defendants Stanley and Joann Ftorkowski for the amount shown to be due to John Ftorkowski by the accounting, plus interest, costs, attorneys' fees, and any other relief that this Court deems just and proper.

**A JURY TRIAL IS DEMANDED AS TO ALL COUNTS SO TRIABLE.**

Dated:  February 28, 2007

Respectfully submitted,

COHEN & GRIGSBY, P.C.


By:  /s/ Jill Locnikar Bradley
    Jill Locnikar Bradley, Esq.
    Pa. Id. No. 85892
    jbradley@cohenlaw.com
    Jeffrey P. Ward, Esq.
    Pa. Id. No. 34317
    jpward@cohenlaw.com
    Morgan J. Hanson, Esq.
    Pa. Id. No. 88777
    mhanson@cohenlaw.com

11 Stanwix Street - 15th Floor
Pittsburgh, PA  15222
(412) 297-4900
(412) 209-0672 (fax)

Counsel for Plaintiff John P. Ftorkowski

1177481_1